# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAUNNA FLETCHER, et al., | : | |
| Plaintiffs, | : | Case No.  3:11cv00083 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al. | : | |
| | : | |
| Defendants. | | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Plaintiff Taunna Fletcher, a resident of Tipp City, Ohio, brings this case pro se naming as defendants Federal National Mortgage Association and Chase Home Financial LLC.  She alleges:

> Federal National Mortgage Association (FNMA) used false affidavit that was not notarized nor signed under oath to secure a judgment against myself and my husband to evict us from our home.  FNMA also secured a summary judgment ... foreclosure case against us without properly serving us with foreclosure proceedings.  FNMA also did not provide an affidavit in support of its ... complaint for foreclosure which also was summary judgment.  FNMA thru Chase Home Finance neve[r] recorded a document in Miami County showcasing that they (FNMA) had standing to bring the foreclosure case.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

> Chase Home Financing never served us with the complaint nor provided a sworn statement attesting to ... that they owned the note nor did they provide a chance to contest the summary judgment.  I Taunna Fletcher became disabled during this time, had I been properly notified credit life disability could have been made available to my family.

(Doc. #2 at 16).  An Opinion by the Ohio Court of Appeals in the underlying state court foreclosure case referenced in the Complaint states, "The Federal National Mortgage Association ('Fannie Mae') purchased [the Fletchers'] property ... at a Sheriff's auction on June 6, 2007, and the sale was confirmed on July 12, 2007." *Federal National Mortgage Association v. James Fletcher, et al*., 2010 WL 3192913 at *1 (Ohio Ct. App., Aug. 13, 2010).

As for relief, Plaintiff states, "I want the Court to Stop all impending action against my home.  I want the Court to vacate all actions the Defendant prevailed using false affidavits."  (Doc. #2 at 17).

The Complaint names Plaintiff Taunna Fletcher as the sole Plaintiff.  Yet it appears from additional documents submitted by her husband, Jim Fletcher, that he also intends to be a party/plaintiff in the case.  This Report will therefore refer to the Fletchers as "Plaintiffs."

The Court previously granted Plaintiffs' application to proceed *in forma pauperis*.

This case is before the Court upon Plaintiffs' Complaint (Doc. #2), Plaintiffs' Emergency Motion for Temporary Restraining Order (Doc. #4), Plaintiffs' supplemental documents in support (Doc. #5), certain state court records and an affidavit submitted by

2

an attorney who represented Defendants in state court (Doc. #6), and the record as a whole.

## II. Discussion

### A. Subject Matter Jurisdiction

"Because it may have no authority to act, a federal court must determine at the outset whether it has jurisdiction to decide the case." *Moore v. City of Harriman*, 272 F.3d 769, 791 (6th Cir. 2001)(citing *United States v. United Mine Workers of America,* 330 U.S. 258, 291, 67 S.Ct. 677 (1947) (courts have jurisdiction to determine their own jurisdiction)).

Plaintiffs' Complaint does not identify a particular federal statute that the named defendants purportedly violated. However, their Motion for Temporary Restraining Order asserts, in part, that "Chase ... did not record their assignment of mortgage until after the Default Judgment was entered in violation of the Fair Debt Collections Practices Act...." (Doc. #4 at 25). Regardless of whether or not Plaintiffs can establish such a violation of federal law, their assertion creates a federal question sufficient to support the Court's subject matter jurisdiction. *See* 28 U.S.C. §1331.

In addition, it appears that the parties are citizens of different states and thus meet the jurisdictional diversity-of-citizenship requirement. *See* 28 U.S.C. §1332(a)(1). It likewise appears from the Exhibits Plaintiffs have attached to a Motion for Temporary Restraining Order that the property at issue in her Complaint is worth much more than

3

$75,000, the minimum necessary to support this Court's exercise of diversity jurisdiction. *See* Doc. #4, Exhibit. C.

Because Plaintiffs' Complaint concerns the Judgment entered against them in a state court home foreclosure case, subject matter jurisdiction in this case might be lacking under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). "The *Rooker-Feldman* doctrine ... stands for the proposition that a party aggrieved by a state-court decision, cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)(citations omitted).

At this early stage of the case and in the absence of briefing on this issue by the parties (including the as-yet unserved defendants), it does not appear that the *Rooker-Feldman* doctrine strips this Court of jurisdiction. The United States Court of Appeals for the Sixth Circuit has explained:

> Federal jurisdiction is proper if a federal plaintiff presents an independent claim, "albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* [*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005)](quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir.1993)). In the wake of *Exxon Mobil Corp.*, we recently adopted a Fourth Circuit rule to differentiate between claims attacking state-court judgments, which are barred by *Rooker -Feldman*, and independent claims, over which lower federal court have jurisdiction. The focus, we held, must be on

4

> ... the source of the injury that the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
>
> *McCormick*, 451 F.3d at 393. Thus, a complaint in which the plaintiff contends he was injured by the defendants, rather than by the state court decision itself, is not barred by *Rooker-Feldman*, even if relief is predicated on denying the legal conclusion reached by the state court.

*Brown v. First Nationwide Mortg. Corp.*, 206 Fed.Appx. 436, 439 (6th Cir. 2006). Accepting the allegations in Plaintiffs' Complaint as true and liberally construing in their favor the allegations and documents they have submitted, they assert that the named defendants have harmed them by presenting a false or so-called "robo-signed" affidavit during state court foreclosure proceedings. Plaintiffs have thus alleged an injury caused – not by the state court judgment – but by fraudulent or acts in contravention of the Fair Debt Collections Practices by the named defendants. Under these presently alleged circumstances, *Rooker-Feldman* does not apply and does not deprived the Court of subject matter jurisdiction. *Brown*, 206 Fed.Appx. at 439-40 (and cases cited therein); *see Hines v. Franklin Savings and Loan*, 2011 WL 882976 at *2-*4 (S.D. Ohio Jan.31, 2011) (Report and Recommendation; Bowman, M.J.)(and cases cited therein); *but see Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.Appx. 487, 489-90 (6th Cir. 2005).

      Accordingly, the record at present suffices to support this Court's exercise of subject matter jurisdiction.

B.  **Plaintiffs' Emergency Motion For Temporary Restraining Order**

Plaintiffs bears the burden of demonstrating that a Temporary Restraining Order (TRO) is warranted under Fed. R. Civ. P. 65(b). *See Jane Doe v. Barron*, 92 F.Supp.2d 694, 695 (S.D. Ohio 1999)(Dlott, D.J.). In determining whether to issue a TRO, the Court balances the following factors:

1.  Whether the party seeking the TRO has shown a substantial likelihood of success on the merits;

2.  Whether the party seeking the TRO will suffer irreparable harm absent the TRO;

3.  Whether the TRO will cause others to suffer substantial harm; and

4.  Whether the TRO will serve the public interests.

*See Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996); *see also Barron*, 92 F.Supp.2d at 695.

None of the documents Plaintiffs have submitted in the instant case, read alone or together, demonstrate that they have a <u>substantial</u> likelihood of success in proving a legal claim against the named defendants. Without the benefit of significant briefing on Plaintiffs' claims or on the existence of possible defenses to their claims, both res judicata and the statute of limitations present significant hurdles to Plaintiffs' future ability to establish their claims. *See Sanford v. Standard Federal Bank*, 2011 WL 721314 at *5-*6 (E.D. Mich. Feb. 23, 2011)(Duggan, D.J.) (applying Mich. law); *see also Hines*, 2011 WL 882976 at *4-*5 (and cases cited therein). Consequently, accepting Plaintiffs' allegations as true and construing their Complaint and documents liberally in their favor,

the possible defenses of res judicata and statute of limitations preclude Plaintiffs from showing they have a substantial likelihood of success in proving a legal claim against the named defendants.

In addition, although Plaintiffs face what could be the imminent removal from their home, they have not shown that they will suffer _irreparable_ harm from the occurrence of that event.  Instead, if they eventually prove one or more violations of their legal rights, they may be entitled to recover monetary/compensatory damages.

Plaintiffs' Complaint, Motion, and all the documents they have submitted fail to implicate the remaining two TRO factors.

Consequently, because the first and second TRO factors weight against issuing a TRO and because the record is essentially silent at present on the third and fourth factors, the balance of factors weighs against issuing a TRO.

Accordingly, Plaintiffs' Emergency Motion for Temporary Restraining Order lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiffs' Motion for an Emergency Temporary Restraining Order (Doc. #4) be DENIED.

March 18, 2011                                   s/Sharon L. Ovington
                                                 Sharon L. Ovington
                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).