IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAUNNA FLETCHER, et al., | : | |
| Plaintiffs, | : | Case No.  3:11cv00083 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al. | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.      Introduction

Plaintiffs Taunna Fletcher and Jim Fletcher, residents of Miami County, Ohio, bring this case pro se naming as defendants Federal National Mortgage Association and Chase Home Financial LLC.  Plaintiffs allege:

> Federal National Mortgage Association (FNMA) used false affidavit that was not notarized nor signed under oath to secure a judgment against myself and my husband to evict us from our home.  FNMA also secured a summary judgment ... foreclosure case against us without properly serving us with foreclosure proceedings.  FNMA also did not provide an affidavit in support of its ... complaint for foreclosure which also was summary judgment.  FNMA through Chase Home Finance neve[r] recorded a document in Miami County showcasing that they (FNMA) had standing to bring the foreclosure case.
>
> Chase Home Financing never served us with the complaint nor

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

> provided a sworn statement attesting to ... that they owned the note nor did they provide a chance to contest the summary judgment.  I Taunna Fletcher became disabled during this time, had I been properly notified credit life disability could have been made available to my family.

(Doc. #2 at 16).  An opinion by the Ohio Court of Appeals in the underlying state court foreclosure case referenced in the Complaint states, "The Federal National Mortgage Association ('Fannie Mae') purchased [the Fletcher's] property ... at a Sheriff's auction on June 6, 2007, and the sale was confirmed on July 12, 2007." *Federal National Mortgage Association v. James Fletcher*, et al., 2010 WL 3192913 at *1 (Ohio Ct. App., Aug. 13, 2010).

As for relief, Plaintiffs state, "I want the Court to stop all impending action against my home.  I want the Court to vacate all actions the Defendant prevailed using false affidavits."  (Doc. #2 at 17).

The Court previously granted Plaintiffs' application to proceed *in forma pauperis*.

On March 17, 2011, Plaintiffs moved the Court for a Temporary Restraining Order to stay any further actions by Defendants.  (Doc. #4).  This Court denied Plaintiffs' motion on March 18, 2011.  (Doc. #7).

This case is before the Court upon Defendants' Joint Motion to Dismiss Plaintiffs' Complaint (Doc. #18) and the record as a whole.

## II.   Discussion

### A.   Applicable Standards

Under F.R.C.P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule 8 pleading standard, while requiring a short, plain statement of the claim, "demands more than an unadorned, the-defendant-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausability when the plaintiff pleads factual

> content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausability standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citations omitted). In *Iqbal*, the Supreme Court articulated the underlying principles for determining whether a complaint will survive a motion to dismiss. First, to be entitled to the assumption of truth, pleadings must contain more than legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" *Id.*

Second, a complaint must contain a plausible claim for relief. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n] - 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. Proc. 8(a)(2)).

### B. Rooker-Feldman Doctrine

Defendants argue in their memorandum that this court lacks jurisdiction under the *Rooker-Feldman* Doctrine. (Doc. #18). The Court disagrees. The *Rooker-Feldman* Doctrine prevents federal district courts from exercising appellate jurisdiction over state court judgments and applies to cases, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp.v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, federal district courts lack jurisdiction under *Rooker-Feldman* when (1) a case is brought by parties unsuccessful in state court, (2) the plaintiff complains of injuries caused by state-court judgments, (3) the state-court judgment was rendered prior to the district court proceedings commencing, and (4) plaintiffs invite the district court to review and reject those state-court judgments. *Id.*

Because there is little question that Plaintiffs were unsuccessful in their state-court claims, the state-court judgments were rendered prior to proceedings commencing in this

3

Court, and that Plaintiffs plainly seek rejection of those judgments, the sole question is whether the injuries of which Plaintiffs complain were caused by the state-court judgments.

Defendants correctly point out that the key to such a determination is the source of the alleged injuries. (Doc. #18 at 127). However, they mistakenly rely on an unpublished opinion (*Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490, 2005 U.S. App. LEXIS 28680, *8 (6th Cir. 2005)) to support their determination that Plaintiffs are complaining of injuries caused by the state-court judgments. (Doc. #18 at 7). The Eastern Division of the United States District Court for the Southern District of Ohio held *Kafele* to have limited precedential value because (1) unpublished decisions are not controlling authority and (2) *Kafele* failed, "to recognize a significant change in circuit law wrought by the Supreme Court's ruling in *Exxon Mobile*, earlier the same year." *Miller v. Countrywide Home Loans, Inc*. 747 F. Supp. 2d 947, 957 (S.D. Ohio 2010) (citations omitted).

In order to provide guidance in the wake of *Exxon-Mobil Corp*., the United States Court of Appeals for the Sixth Circuit explained:

> Federal jurisdiction is proper if a federal plaintiff presents an independent claim, "albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." Id. [*Exxon Mobile Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 293, 125 S.Ct. 1517 (2005)](quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). In the wake of *Exxon Mobil Corp*., we recently adopted a Fourth Circuit rule to differentiate between claims attacking state-court judgments, which are barred by *Rooker-Feldman*, and independent claims, over which lower federal courts have jurisdiction. The focus, we held, must be on
>
>> ...the source of the injury that the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
>
> *McCormick* [*v. Braverman*], 451 F.3d [382] at 393 [(6th. Cir. 2006)]. Thus, a complaint in which the plaintiff contends he was injured by the defendants, rather than by the state court decision itself, is not barred by Rooker-Feldman,

>even if relief is predicated on denying the legal conclusion reached by the state court.

*Brown v. First Nationwide Mortg. Corp.*, 206 Fed.Appx. 436, 439 (6th Cir. 2006).

The Sixth Circuit Court addressed a situation similar to the matter *sub judice* in *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir. 2006). In *Todd*, the Plaintiff filed a complaint in the U.S. District Court for the Southern District of Ohio claiming that Defendant had filed a false affidavit as part of a garnishment action Defendant had previously executed against Plaintiff in Ohio state court. *Id.* At 435. The Defendant filed a motion to dismiss arguing, *inter alia*, that the *Rooker-Feldman* Doctrine barred jurisdiction. *Id.* At 434.

>Applying the Supreme Court's holding in Exxon-Mobile, the Sixth Circuit stated:
>
>>The Rooker-Feldman doctrine does not preclude jurisdiction over Plaintiff's claim. Defendant in the instant case claims this Court lacks subject matter jurisdiction because Plaintiff's federal claim is inextricably intertwined with the Ohio state court decision that Defendant's affidavit was valid. This argument ignores the fact that Plaintiff here does not complain of injuries caused by this state court judgment, as the plaintiffs did in *Rooker* and *Feldman*. Instead, after the state court judgment, Plaintiff filed an independent federal claim that Plaintiff was injured by Defendant when he filed a false affidavit. This situation was explicitly addressed by the *Exxon-Mobil* Court when it stated that even if the independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker-Feldman*. While Defendant is technically correct that this guidance was not essential to the holding on the facts of *Exxon Mobil*, as that case dealt with parallel state and federal proceedings, the Supreme Court went beyond the facts of the case to give clear instructions to the circuits on how to address additional factual situations. To follow the reasoning of Defendant would be to ignore these unambiguous directives from the Supreme Court.

A brief reading of Plaintiffs' complaint shows it is clear that Plaintiffs claim their injuries were caused by the Defendants, rather than the state-court judgment. Plaintiffs' claims include allegations of false affidavits, insufficient notice, and failure to show standing. (Doc. #2 at 16). All of Plaintiffs' claims are based on alleged conduct of the

Defendants. Furthermore, the claims presented by Plaintiffs were not raised or addressed in the state-court action and are therefore independent claims permissible under *Rooker-Feldman*. Accordingly, Plaintiffs claim is not barred under the *Rooker-Feldman* Doctrine.

### C. Preclusion

Although the *Rooker-Feldman* Doctrine does not prevent this Court from exercising jurisdiction, preclusion prevents the Court from providing Plaintiffs the relief they seek. The difference is that preclusion is not a jurisdictional matter. *Exxon-Mobil*, 544 U.S. at 293.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to, "give the same preclusive effect to a state-court judgment as another court of that State would give." *Id*. at 293 (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 88 L. Ed. 2d. 877, 106 S.Ct. 768 (1986)). Furthermore, 18 U.S.C. § 1257 provides that only the United States Supreme Court shall have authority to review final judgments rendered by a state's highest court. "Because the Supreme Court was specifically given jurisdiction to hear appeals from final judgments of the highest state courts, lower federal courts do not have jurisdiction to review such judgments." *Peiper v. Am. Arbitration Ass'n*, 336 F.3d 458, 461 (6th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

Plaintiffs state in their prayer for relief, "I want the Court to stop all impending action against my home. I want the Court to vacate all actions the Defendant prevailed using false affidavits." (Doc. #2 at 16). As a court of original jurisdiction, this Court lacks the authority to vacate a state-court judgment. See *Feldman*, 460 U.S. at 483

### D. Plaintiffs Complaint

Plaintiffs allege in their pro se complaint that Defendants submitted a false affidavit as part of their foreclosure action in addition to various violations of the civil

rules of procedure.  Addressing Plaintiffs' claim that Defendants submitted a false affidavit, Plaintiffs have provided no more than a conclusory statement and is therefore not entitled to the assumption of truth.  Further, this Court can find no rule that would permit a civil cause of action for failure to follow state or civil rules of civil procedure.

Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted.

### E.     Defendants' Motion to Dismiss

Defendants filed their Joint Motion to Dismiss Plaintiffs' Complaint (Doc. #18) on April 11, 2011.  On April 12, 2011, the Court filed a Notice to Pro Se Plaintiff of Motion to Dismiss (Doc. #19), notifying Plaintiffs of Defendants Motion to Dismiss.  Plaintiffs were notified that failure to file a response no later than May 6, 2011 could result in dismissal of their case (Doc. #19).  As of the date of filing for this Report and Recommendation, Plaintiffs have failed to file a response to Defendant's Motion to Dismiss.

Under the rules of this Court, S.D. Ohio Civ. R. 7.2, parties are allowed 21 days from the date of service set forth in the certificate of service attached to the motion to file a memorandum in opposition.  Failure to file a memorandum in opposition may be cause for the Court to grant any motion.  As Plaintiffs have failed to respond within the time period allowed by this Court, Defendant's Motion should be granted.

## IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #18) be GRANTED;

2. Plaintiffs' Complaint be DISMISSED under Fed. R. Civ. P. 12(b)(6);

3. The Clerk of Court be directed to enter Judgment on Plaintiffs' claims in favor of each Defendant and against Plaintiffs; and

4. The case be terminated on the docket of this Court.

October 4, 2011                                     s/Sharon L. Ovington
                                                   Sharon L. Ovington
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).